**Commonwealth v. Shade**

C.P. of Snyder County, no. 182-1994.

*John T. Robinson, district attorney,* for the Commonwealth.
*Peter T. Campana,* for defendant.

WOELFEL, *J.,* March 27, 1995—The defendant originally confronted a two count information, count 1 charging him with driving under the influence of alcohol in violation of 75 Pa.C.S. §3731(a)(1) and/or (4) and/or (5), and count 2 charging him with violating the provisions regarding driving on roadways laned for traffic, 75 Pa.C.S. §3309(1). In the defendant's omnibus pretrial motion the defendant sought to have certain evidence suppressed, and asked the court to declare section 3731(a)(5) of the Vehicle Code to be unconstitutional. The defendant's motion to suppress evidence was denied. By stipulation of the parties it was agreed that the court's ruling on the constitutionality of section 3731(a)(5) would be deferred pending a verdict in this matter.

A jury was selected to try the matter. Immediately prior to trial the Commonwealth advised the defendant

and the court that the Commonwealth would proceed only on section 3731(a)(1) and section 3731(a)(5), and not on (a)(4). During the trial, when the Commonwealth sought to introduce evidence of a test of the defendant's breath through the use of an Intoxilyzer 5000 breath testing device manufactured by CMI Inc., the defendant objected asserting that the Commonwealth had failed to demonstrate that it complied with the provisions of 67 Pa. Code §77.24(d). The objection was overruled by the court and the evidence was introduced by the Commonwealth.

Subsequent to the Commonwealth resting after the presentation of its case the parties reached an agreement that the jury would be discharged, the Commonwealth would withdraw the charge against the defendant alleging a violation of 75 Pa.C.S. §3731(a)(1), the defendant would waive his right to a jury trial, and the court would render the verdicts to be entered in this matter. The jury was discharged, and the court then found the defendant guilty of violating the provisions of 75 Pa.C.S. §3731(a)(5) and 75 Pa.C.S. §3309(1).

After the court announced its verdicts in this matter, the defendant made an oral motion for extraordinary relief pursuant to the provisions of Pa.R.C.P. 1405B. That motion is now before the court for disposition. The issues raised in the oral motion were the request that the court declare section 3731(a)(5) to be unconstitutional, to dismiss that charge against the defendant, and, in the alternative, to grant the defendant a new trial on the basis that the court erred in admitting the results of the Intoxilyzer 5000 breath test into evidence. We will address the latter issue first.

Counsel for the defendant argues that because the Commonwealth failed to "produce the manufacturer of the simulator solution to testify that it did certify

the simulator solution was of the proper concentration to produce the intended results when used for inspection tests and for calibrating breath test devices," the Commonwealth has not met its burden to prove compliance with the regulations of the Department of Transportation, as codified at 67 Pa. Code §77.24(d).

As the Commonwealth points out in its brief, this argument is addressed by a review of *Commonwealth v. Little,* 354 Pa. Super. 546, 512 A.2d 674 (1986). In *Little* the court held that "the Commonwealth does not bear the burden of simulator solution or ampoule certification." *Id.* at 553, 512 A.2d at 678. The Commonwealth is permitted to introduce the certificate of the manufacturer and to rely on it without further inquiry. See also, *Commonwealth v. Brosnick,* 530 Pa. 158, 164, 607 A.2d 725, 729 (1992). Unless the defendant in some way demonstrates that the simulator solutions in question were in fact defective, the Commonwealth does not need to go beyond the introduction of the certification of the simulator solutions by the manufacturer and a laboratory independent of the manufacturer. The defendant offered no such suggestion of defective simulator solutions at trial. Therefore, upon the Commonwealth presenting competent evidence that the manufacturer of the solution certified the solution, in compliance with 67 Pa. Code §77.24(d) and of a certification that the simulator solution is of a proper concentration, that second certification being by a laboratory independent of the manufacturer of the solution, the Commonwealth has met its obligations under section 77.24(d).

The defendant argues that *Commonwealth v. Townsend,* 418 Pa. Super. 48, 613 A.2d 564 (1992) and *Commonwealth v. Thill,* 417 Pa. Super. 485, 612 A.2d 1043 (1992) mandate the granting of a new trial in

the instant matter. Those cases, however, are easily distinguishable from the case at issue. In both *Thill* and *Townsend* the Commonwealth failed to produce certifications from the manufacturer and a laboratory independent of the manufacturer pursuant to section 77.24(d). Because of that failure by the Commonwealth the defendants' convictions were reversed. As noted above, the Commonwealth properly met its burden in this matter.

The defendant's final asserted basis for a new trial is an alleged failure by the Commonwealth to prove by competent evidence the certification of the simulator solution, in that there was an alleged lack of authentication of the certificates relating to the simulator solution. The Commonwealth offered into evidence copies of the certificates, the originals of which had been viewed by Sergeant James Murtin of the Pennsylvania State Police. Sergeant Murtin testified that the copies offered by the Commonwealth were true and correct copies of the originals, which he viewed at the offices of Guth Laboratories Inc., which was the author of one of the certificates in question. We find that an analogous issue has been addressed in *Commonwealth v. Little, supra.* In *Little* the court held that the evidence proffered by the Commonwealth on this issue complies with 42 Pa.C.S. §6109(b), relating to the Uniform Photographic Copies of Business and Public Records as Evidence Act.

For the reasons set forth above the defendant's motion for a new trial will be denied.

The defendant asserts that 75 Pa.C.S. §3731(a)(5) is an unconstitutional violation of Article 1 Section 9 of the Pennsylvania Constitution and of the Fifth and Fourteenth Amendments of the United States Constitution. In his brief on motion for extraordinary relief the defendant requests that the court rely on his brief

in support of the defendant's omnibus pretrial motion regarding the issue of unconstitutionality. In that brief the defendant does not specify in what manner section 3731(a)(5) is violative of the Pennsylvania Constitution that would in any way be distinguishable from a violation of the United States Constitution.

The defendant refers the court to *Commonwealth v. Barud,* CC9402512, Court of Common Pleas of Allegheny County. *Barud* held section 3731(a)(5) to be unconstitutional. We have reviewed *Barud,* and *Commonwealth v. Snyder,* no. 337 C.R. 1994, Court of Common Pleas of Clarion County. *Snyder* held section 3731(a)(5) to be constitutional. The opinion in *Snyder,* which was authored by the Honorable Charles R. Alexander, President Judge of the Court of Common Pleas of Clarion County is an exhaustive and scholarly review of the issues raised by the defendant. President Judge Alexander has reviewed applicable Pennsylvania case law, as well as statutory law and case law from other states with statutes substantially similar to section 3731(a)(5). We find President Judge Alexander's opinion to be persuasive. Therefore, we hold 75 Pa.C.S. §3731(a)(5) to be constitutional. We have attached a copy of the opinion in *Commonwealth v. Snyder, supra,* and adopt its logic.

We note that this issue is before the Pennsylvania Supreme Court.

An order consistent with this opinion will be entered.

## ORDER

And now, March 27, 1995, the defendant's oral motion for extraordinary relief is hereby denied.

The assistant court administrator shall schedule the defendant's sentencing.